Nicholson, C. J.,
delivered the opinion of the Court.
Guy Smith sued the Memphis & Charleston Railroad Company, in the Circuit Court of Hardeman county, to recover damages for a mule run over and killed by one of the defendant’s trains. The killing of the mule is not denied; but the question is, Whether, under the facts in proof, the defendant was guilty of such negligence as to make the Company responsible? The solution of the question must be controlled by the proper meaning of the Statutory Provisions on the subject, as applicable to the proof.
Section 1169 of the Code provides that “when a Railroad Company is sued for killing or injuring stock the burden of proof, that the accident was unavoidable, shall be upon the Company.”
*862 "What the Legislature meant by an “unavoidable ■accident” is ascertained by referring to those Sections •of the Code which prescribe the precautionary duties required of Railroads, and upon the observance of which they are exempt from liability for accidents.
By Section 1166, on approaching a City or Town, the bell or whistle is to be sounded at the distance of one mile, &c. Every. Railroad Company shall keep an Engineer, fireman, or some other person upon the locomotive, always upon the look-out ahead, and when any person, animal or other obstruction appears upon the Road, the alarm-whistle shall be sounded and the brakes put down, and every possible means employed to stop the train and prevent the accident..
Section 1167. Every Railroad Company, that fails to observe these precautions, or cause them to be observed by its agents and servants, shall be responsible for all damages to persons or property, occasioned by or resulting from any accident or collision that may occur.
Section 1168. No Railroad Company that observes •or causes to be observed these precautions, shall be •responsible for any damages done to person or property on its road. The proof that it has observed said precautions shall be upon the Company.
It follows that when the Legislature declares, that “where the Railroad Company is sued for killing or injuring stock, the burden of proof, that the accident was unavoidable, shall be upon the Company.”
It is meant that if the Company prove that, at the time of the accident, it was in the observance of *863 the several Statutory precautions, then the accident would he unavoidable and the Company would not be responsible. But, if this proof be not made, the law makes the Company responsible for all the damages resulting from the accident. The Company, to exonerate itself, must show that, not only, the specified precautions were observed; but, in addition, that “every possible means was employed to stop the train and prevent the accident.” In resorting to the additional means, it was not intended that, the Company should use means which would, probably, endanger the lives or property of those on the train; but that, unless each and all of the Statutory precautions were observed, it is no excuse, that an attempt to reverse the engine might have ditched the train.
It is manifest that, under the .Provisions of the Code, the question of liability on the part of the Company is made to depend upon the fact, Whether all the precautions prescribed have been observed by the Company or its agents; and, if they have not, the Company is guilty of Statutory negligence, and is responsible for all damages, whether resulting from their negligence or not. The language of the Statute is susceptible of no other fair interpretation. It is, “Every Railroad Company, that fails to observe these precautions, or cause them to be observed by its agents and servants, shall be responsible for all damages to person or property occasioned by or resulting from any accident or collision that may. occur”; and not all damages that may be occasioned by or result from the failure to observe tha- *864 precautions. As the law is plainly written, the responsibility for the damages occasioned by or resulting from the accident, attaches to the Company upon its failure to prove that all the Statutory precautions have been observed.
When 'a Company is sued, therefore, the Statute gives them notice, that they can make successful defense, only, by proving that, at the time the accident occurred, they observed each and all of the Statutory precautions. In the present case we see from the Bill of Exceptions that the Company proved; that the whistle was sounded at the distance of a mile from Saulsbury, to which Town the train was approaching; that the Engineer was, at the time, on the look-out ahead; that he saw the mule when it dashed into the road; that he immediately sounded the alarm-whistle, and that one of the brakes was put down; but as to whether or not the other two brakes were put down, no proof was made. It was incumbent on the Company to show that all three of the brakes were put down; because the law required that proof to be made to exempt the Company from damages resulting from the accident. Instead of making that proof, the Company relied on making it appear that the Engineer and other officers did all that was possible to be done to avoid the accident; and that, under the circumstances, if the other two brakes had been put down, the accident would not have been avoided.
If our Statute had been like that in Mississippi, to the decisions on which we have been referred, the proof made by the Company might well have been *865 relied on to show that the accident and its consequent damages were not the result of the negligence of the Company. But our Statute must govern, as to the character of the proof to be made by the Company;, and, until the Legislature adopts a different policy, the Courts and juries are bound to administer the Law as it is written.
It is manifest that, under the Provisions of the Code, the question, as to contributory negligence, could not arise under the facts of the case. Our Statutes,, in various ways, recognize the running out of stock on the commons or range as lawful; and, the fact, that the owner of the mule permitted him to be out of his enclosure, can not be relied on by the Company,, either to defeat the action or in mitigation of damages.
In this case we find that the Circuit Judge instructed the jury, in conformity' with the Provisions of the Law, and the jury found this verdict upon the proof in pursuance of these instructions.
Under the Law, it can not be justly alleged that the verdict was not supported by the proof. Nor-was there any error in the refusal of the Judge to grant a new trial on the affidavit on file. They fail to show that proper diligence had been used in trying to procure the evidence of one of the absent brakes-men, and no reason is given for not having the third brakesman — only one of them having been examined. Upon the .whole case, there is no error and the judgment is affirmed.